4L 219
13L 304
13L 310

# SUPREME COURT OF TENNESSEE,

FOR THE

# WESTERN DIVISION.

JACKSON, . . . . APRIL TERM, 1880.

---

### R. W. LIGHTBURNE et al. v. TAXING DISTRICT.

CONSTITUTIONAL LAW. *Privilege tax. Steamboat and railroad agents.* The Act of the Legislature of 1879, chap. 84, providing means for the local government of the "Taxing District," which provides in sec. 7, sub-sec. 36, that "Steamboat agents and the agents of railroad companies, other than the proper officers of railroads terminating at the Taxing District, shall pay a privilege tax of $25 per annum," is not a regulation of commerce between the States, and is not therefore in violation of the Constitution of the United States.

---

### FROM SHELBY.

---

Appeal in error from the Circuit Court of Shelby County. J. O. PIERCE, J

H. C. KING for Lightburne et al.

(219

C. W. HEISKELL for Taxing District.

FREEM I, J., delivered the opinion of the Court.

These cases are brought to this Court on proceedings instituted in the Police Municipal Court of what is known as the "Taxing District of Shelby County," the municipal body taking the place of the city of Memphis in the control and government of said city. The first is to recover a penalty for doing business without a license as steamboat and railroad agent, in violation of the law of the District. The other is for doing such business without license as a railroad agent alone.

The Court below held the parties liable in both cases, from which appeals are brought to this Court.

The cases, as we understand it, are intended as test cases, in order to settle the question whether the law imposing the taxes sought to be collected is valid or not under the Constitution of the United States.

The Act of the Legislature authorizing this privilege tax is that portion of the amendment to the law establishing the "Taxing District" prescribing the sources of revenue and mode of collection. The Act of 1879, chap. 84, sec. 7, subsec. 36, Heiskell's Digest. It is as follows: Steamboat agents and the agents of railroad companies, other than the proper officers of the railroads terminating in the Taxing District, shall pay a privi-

lege tax of twenty-five dollars per annum, and fees, and a separate privilege tax shall be paid for each road represented.

In the case of Lightburne, agent, the defendant is the employee of the Memphis and Cincinnati Steamboat Packet Company, the Company and the owners of the steamers being residents of that State. The steamers of the Company were engaged in carrying freight and passengers from the port of Memphis, in Tennessee, to the port of Cincinnati, Ohio, and beyond the State of Tennessee. The defendant, as employee of the company, doing business in the city of Memphis, at a salary, his business being exclusively to make contracts for freight and passengers between the two ports mentioned.

The sole question submitted to the Court below was whether the Act in question was a regulation of commerce between the States, and therefore in violation of the Constitution of the United States.

In the other case, the defendant admits he acted as railroad agent, being solely the agent of the Pennsylvania Central Railroad, a corporation of the State of Pennsylvania, said road having no terminus in Tennessee. The agent's business was to make contracts to transport freight and passengers from the port of Memphis, Tennessee, to points in the State of Pennsylvania and beyond the State of Tennessee.

The sole question submitted to the Court below was whether the Act of the Legislature of Tennessee is a regulation of commerce, discriminating

between railroads having termini in Tennessee and those not having such termini, and as such in violation of the Constitution of the United States.

As these cases were intended to be test cases, and it is desirable that the Supreme Court of the United States should authoritatively pass upon the questions presented, we do not go into an elaborate investigation of the subject involved. We content ourselves with referring to and following the case of *Osbourne* v. *Mobile,* 16 Wall. R., 479. In that case an ordinance of the city of Mobile required that every express company or railroad company doing business in that city, and having a business beyond the State, should pay an annual license of $500, which should be deemed a first grade license. All such companies doing business within the State should pay for license $100, being a second grade license; and those doing business within the city, only $50, a third grade license. It was held that this ordinance was not void as to a Georgia express company having a business office in the city, and was not repugnant to the provision of the Federal Constitution vesting in Congress the power to regulate commerce among the several States.

No distinction is perceived in the principle between the above case and the cases now under discussion. The Circuit Judge held in accord with this view.

We affirm his judgment, and hold the statute valid.